# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRIS GILLON and IRIS GILLON MUSIC'N CELEBRATIONS, LLC d/b/a IGMC,** | Civ. No. 2:12-04891 (WJM) |
| *Plaintiff,* | **OPINION** |
| v. | |
| **HONEY BERNSTEIN,** | |
| *Defendant.* | |

## WILLIAM J. MARTINI, U.S.D.J.:

This is a defamation case. Unhappy with the wedding coordination services provided by Iris Gillon and Iris Gillon Music'n Celebrations, LLC (together "Plaintiffs"), Defendant Honey Bernstein posted a highly critical posting (the "Posting") on the website, www.Ripoffreport.com. Plaintiffs responded by filing the instant lawsuit, which asserts a host of claims sounding in libel and related torts. Bernstein now moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Posting conveys personal opinions protected by the First Amendment to the Constitution of the United States. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Bernstein's motion is **GRANTED IN PART**, and **DENIED IN PART**.

## I.    BACKGROUND

The Complaint states as follows. Iris Gillon Music'n Celebrations ("IGMC"), LLC is an agent and promoter for roughly 200 musicians, caterers, and event vendors. Am. Compl. ¶ 22, ECF No. 5. IGMC is wholly owned by Iris Gillon, IGMC's lone employee. *Id.* ¶ 3. Gillon has never been interviewed or written about as an event planner, though she has appeared on the television programs, *Platinum Weddings* and *The Apprentice*. *Id.* ¶ 15.

On May 21, 2011, Bernstein hired IGMC to "produce, supervise, and manage all music administration" for Bernstein's son's August 6, 2011 wedding. *Id.* ¶¶ 44-46. The contract called for "5 Musicians Keyboards, Guitar-Vocals, Sax-Vocals, F[emale] Vocal and Congas/Trumpet/Vocals and DJ." *Id.* ¶ 47; *see also* Ex. H-1 to Am. Compl., ECF No. 5-4. IMGC produced these performers for Bernstein's son's wedding. *Id.* ¶ 49.

On August 9, three days after the wedding, an unhappy Bernstein submitted the following Posting to the website www.Ripoffreport.com:

> **iris gillon, igmc Way below Par service – did not get what was contracted for**
>
> Iris Gillon and igmc did not deliver acceptable service. Iris is a marketeer [sic] par excellence - an unusually good salesperson with an impressive and well-designed website. Don't let these things fool you. My son got married this past weekend and (1) the singer was awful (2) the number of musicians promised did not show up (3) the band leader had no personality whatsoever and though he tried hard to please, could not read the crowd. The bands electrical requirements that Iris sent me were all wrong and my electrician, at an enormous additional expense, had to work the night of the party, in the rain, to make sure that there was enough power. Also, notice how the rebuttals to [a different complaint posted on Ripoffreport.com] are from employees. I wonder why that is? I would never, ever recommend using this company.

Ex. C. to Am. Compl., ECF No. 5-2. In subsequent correspondence with Gillon, Bernstein explained: "my electrician, thankfully, was here when the band arrived and they told him something different about their amperage needs than you texted me." Ex. L. to Am. Compl., ECF No. 5-4.

The Posting ultimately became the top result on www.google.com for the keyword "Iris Gillon." Am. Compl. ¶ 111. Concerned about negative publicity, Gillon paid search optimization companies thousands of dollars to reduce the visibility of the Posting. *Id.* ¶ 114. Even so, the Posting made at least one of her customers lose confidence in Gillon and demand a refund of $3,700. *Id.* Gillon further claims that the Posting has scared off potential customers, costing her business thousands of dollars in commissions. *Id.* ¶ 116.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.*

## III.    DISCUSSION

The Amended Complaint contains seven counts.  Count I is a claim for libel.  Count II is a claim for libel *per se*.  Count III is a claim for libel *innuendo*.  Count IV is a claim for injurious falsehood.  Count V is a claim for defamatory injury to reputation.  Count VI is a claim for product disparagement.  Count VII is a claim for false light.  Bernstein moves to dismiss all counts.

### A.    Counts I and V: Libel and Defamatory Injury to Reputation

Count I is a claim for libel.  Count V is a claim for defamatory injury to reputation.  Bernstein makes three arguments for why the Court should dismiss these counts.  First, Bernstein maintains that the Posting is not defamatory because it is a pure statement of opinion.  Second, Bernstein argues that even if the Posting contains statements of fact, those statements were not knowingly false.  Third, Bernstein argues that Plaintiffs' damages are speculative.  While the Court concludes that the majority of the Posting constitutes protected opinion speech, the Court nevertheless finds that Plaintiffs have stated a claim for libel based on one of the two factual statements contained in the Posting.

As the parties do not distinguish between libel and defamatory injury to reputation, neither will the Court.  Libel is "defamation by written or printed words, or by the embodiment of the communication in some tangible or physical form."  *W.J.A. v. D.A.*, 210 N.J. 229, 238 (2012) (citation and quotation omitted).  To establish defamation, a plaintiff must demonstrate several things.

First, the defendant must have made a defamatory statement.  *Singer v. Beach Trading Co., Inc.*, 379 N.J. Super. 63, 80 (App. Div. 2005) (internal quotation and citation omitted).  "[W]hether a statement is defamatory is a question of law."  *Cruz v. HSBC*, No. 10-135, 2010 WL 2989987, at *2 (D.N.J. July 26, 2010).  Defamatory statements "tend[] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."  *Ward v. Zelikovsky*, 136 N.J. 516, 529 (1994) (quoting Restatement (Second) of Torts § 559).

Second, the defamatory statement generally has to be a statement of fact.  *Singer*, 379 N.J. Super at 80.  As the New Jersey Supreme Court has recognized, "statements of

opinion, as a matter of constitutional law, enjoy absolute immunity." *Dairy Stores, Inc. v. Sentinel Publishing Co.*, 104 N.J. 125, 147 (1986). In certain cases, however, opinion speech can be defamatory if it is "apparently based on facts about the plaintiff or his conduct that have neither been stated by the defendant nor assumed to exist by the parties to the communication." *Yourman v. People's Sec. Life Ins. Co.*, 992 F. Supp. 696, 707 (D.N.J. 1998) (quoting *Kotlikoff v. Community News*, 89 N.J. 62, 69 (1982)).

Third, the defamatory statement must concern the plaintiff. *Singer*, 379 N.J. Super at 80.

Fourth, the defamatory statement must be false. *Id.*

Fifth, the defamatory statement must have been "communicated to a person or persons other than the plaintiff." *Id.*

Sixth, the defendant must have acted with the appropriate level of fault. *Id.* The fault showing differs depending on whether a plaintiff is a private person or a public figure. "If the plaintiff is a private person, he or she need show only that the defendant was negligent." *McLaughlin v. Rosanio, Bailets & Talamo, Inc.*, 331 N.J. Super. 303, 314 (App. Div. 2000). "If, however, the plaintiff is a public figure, he or she need prove that the defendant was motivated by 'actual malice'—that the defendant either knew the statement was false or recklessly disregarded its falsity." *Id.*

Seventh, the plaintiff must be able to establish "special damages." *Ward*, 136 N.J. at 540. A plaintiff can establish special damages by alleging "that an existing relationship has been seriously disrupted." *Id.*

The Court begins by noting that the majority of the Posting is pure opinion. For example, Bernstein describes Gillon as "a marketeer [sic] par excellence - an unusually good salesperson with an impressive and well-designed website." Ex. C. Bernstein adds, "I would never, ever recommend using this company." *Id.* These opinion statements are not actionable because the Posting explains why Bernstein feels the way she does. *See Yourman*, 992 F. Supp. at 707. For example, Bernstein charges that "the singer was awful" and "the band leader had no personality." Ex. C.

While most of the Posting contains pure opinion, "most" does not mean "all." The Court has isolated two factual statements in the Posting. The Court refers to these statements as "the Musicians Statement" and "the Electricians Statement." To the extent Counts I-VII rest on any statement in the Posting save the Musicians Statement or the Electricians Statement, Counts I-VII are **DISMISSED WITH PREJUDICE** because they seek to impose liability based on protected opinion speech.

1.    The Musicians Statement

The Musicians Statement is: "the number of musicians promised did not show up." Gillon has stated a claim for libel based on the Musicians Statement.

First, the Musicians Statement is a defamatory statement of fact. If potential customers come to people believe that Plaintiffs break their promises, business will likely suffer. Second, the Posting concerns Plaintiffs. Third, according to the Amended Complaint, the Musicians Statement is false because the promised number of musicians

came to Bernstein's son's wedding. Am. Compl. ¶ 49. Fourth, the Musicians Statement was communicated to persons other than Plaintiffs because it was posted on a website. *See Too Much Media, LLC v. Hale*, 413 N.J. Super. 135, 167 (App. Div. 2010), *aff'd as modified*, 206 N.J. 209, 20 A.3d 364 (2011) (internet postings libelous if defamatory). Fifth, according to the Amended Complaint, Bernstein acted with the requisite level of fault. The contract specified that IGMC would provide five musicians and a DJ. According to the Amended Complaint, IGMC fulfilled its promise. Am. Compl. ¶ 49. Construing the facts in the Amended Complaint as true, it is plausible that when Gillon posted the Musicians Statement, she either knew it to be false or acted in reckless disregard of its falsity. Finally, Plaintiffs have pled special damages because they allege that the Posting caused a customer to lose confidence in Gillon and request a refund. *Id.* ¶ 114. Accordingly, with respect to the Musicians Statement, Gillon has stated a claim for libel, and the Court will **DENY** the motion to dismiss Counts I and V.

### 2. The Electricians Statement

The Electricians Statement is: "The bands electrical requirements that Iris sent me were all wrong and my electrician, at an enormous additional expense, had to work the night of the party, in the rain, to make sure that there was enough power." Ex. C. Gillon has not stated a claim for libel with respect to the Electricians Statement because she has failed to plead fault.

Nothing suggests that Bernstein was negligent went it came to the truth of the Electricians Statement. After the wedding, Bernstein sent an email to Gillon informing her that the band had said that Gillon's electrical specifications were incorrect. Ex. L. Plaintiffs do not challenge the veracity of Gillon's account of her discussion with the band. Accordingly, Plaintiffs have not plausibly alleged that Bernstein was careless, or negligent, when she posted the Electricians Statement. Nor have Plaintiffs plausibly alleged that Bernstein knew the Electricians Statement was false when she posted it. For these reasons, the Court will **GRANT** the motion to dismiss Counts I and V **WITHOUT PREJUDICE** with respect to the Electricians Statement. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.").

### B. Count II: Libel *Per Se*

Count II is a claim for libel *per se*. Here, Plaintiffs maintain that the Posting accuses them of a crime, namely fraud, and also of "an inability to perform in [their] profession." Pls.' Br. at 9, ECF No. 13. The Court is persuaded by the former argument, but not the latter argument.

The libel *per se* cause of action is a variant of the libel cause of action. "[I]f a defamatory statement constitutes libel per se, damages are presumed to exist and need not be shown." *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 377 (D.N.J. 2004).

"Libel per se includes those comments of 'occupational incompetence or misconduct.'" *Id.* (quoting *MacKay v. CSK Publishing Co.*, 300 N.J. Super. 599, 616 (App. Div. 1997)). It also includes allegations that a defendant has committed a crime. *W.J.A.*, 210 N.J. at 240.

Contrary to Gillon's argument, the Posting does not accuse her of fraud. However, the Musicians Statement and the Electrician Statement do suggest occupational incompetence. Specifically, they suggest that when a person contracts with Plaintiffs, Plaintiffs will not or cannot follow through on their contractual obligations. Accordingly, the Court will **DENY** the motion to dismiss Count II as it pertains to the Musicians Statement. Because the Court has already established that the Electricians Statement is not defamatory, the Court will **GRANT** the motion to dismiss Count II **WITHOUT PREJUDICE** to the extent Count II pertains to the Electricians Statement.

### C.     Count III: Libel *Innuendo*

Count III is a claim for libel *innuendo*. Bernstein argues that Gillon cannot state a claim for libel *innuendo* because Gillon is a "limited public figure." "Whether [a] defendant . . . is a public figure is a question of law to be determined initially by the court." *City of Rome v. Glanton*, 958 F. Supp. 1026, 1041 (E.D. Pa. 1997). All-purpose public figures "occupy positions of such persuasive power and influence that they are deemed public figures for all purposes." *Schiavone Const. Co. v. Time, Inc.*, 847 F.2d 1069, 1077 (3d Cir. 1988) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 345 (1974)). A limited public figure is someone "who, although they are not well known throughout the country or on every issue, are nonetheless sufficiently involved in one particular arena to qualify as public figures for that purpose." *Id.* To determine whether someone is a limited public figure, the Court must conduct an inquiry that is "difficult and fact-specific." *Id.* While the Complaint notes that Gillon has appeared on at least two television programs, Am. Compl. ¶ 15, the Court finds it appropriate to defer the public figure inquiry until after the record has been more fully developed through discovery. Accordingly, the Court will **DENY** Bernstein's motion to dismiss Count III.

### D.     Counts IV, VI, and VII: Injurious Falsehood, Product Disparagement, and False Light

Bernstein maintains that Gillon can survive a motion to dismiss with respect to Counts IV (injurious falsehood) and VI (product disparagement) if she alleges: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4) causing special damages, i.e. pecuniary harm." *IDT Corp. v. Unlimited Recharge, Inc.*, No. 11-4992, 2012 WL 4050298, at *7 (D.N.J. Sept. 13, 2012) (quoting *Sys. Operations, Inc. v. Scientific Games Dev. Corp.*, 555 F.2d 1131, 1140 (3d Cir. 1977)). Furthermore, to survive a motion to dismiss Count VII (false light), Plaintiffs must allege: (1) 'the false light in which the other was placed would be highly offensive to a reasonable person'; and (2) 'the actor had knowledge of or acted in reckless

disregard as to the falsity of the publicized matter and the false light in which the other would be placed.'" *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 589 (2009) (quoting *Romaine v. Kallinger*, 109 N.J. 282, 294 (1988)).  Bernstein's motion to dismiss Counts IV, VI, and VII rests on the arguments she made with respect to Count I.  For the reasons stated in its discussion of libel, the Court will **DENY** the motion to dismiss Counts IV, VI, and VII with respect to the Musicians Statement, and it will **GRANT** the motion **WITHOUT PREJUDICE** with respect to the Electricians Statement.

## IV.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** the motion to dismiss **IN PART**, and it will **DENY** the motion to dismiss **IN PART**.  To the extent Counts I-VII rest on any statement in the Posting save the Musicians Statement or the Electricians Statement, they are **DISMISSED WITH PREJUDICE** because they seek to impose liability based on protected opinion speech.   To the extent they rest on the Electricians Statement, Counts I-II and IV-VII are **DISMISSED WITHOUT PREJUDICE**.   Count III survives, as do Counts I-II and IV-VII to the extent those counts rest on the Musicians Statement.  An appropriate order follows.

_____ /s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 12, 2013**