**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IRIS GILLON and IRIS GILLON MUSIC'N CELEBRATIONS, LLD d/b/a/ IGMC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**HONEY BERNSTEIN,**<br><br>**Defendant.** | Civ. No. 2:12-04891<br><br>**ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' motion for reconsideration (ECF No. 74)[1] of the Court's summary judgment opinion ("Opinion") filed on November 3, 2016 (ECF No. 71).  Plaintiffs argue that the Court erred for the following reasons: (1) the Opinion failed to consider the imputation of fraud to Plaintiff Gillon, *see id.* at 7–8; (2) the Court erroneously held that the law of product disparagement subsumed Plaintiffs' defamation claim, *see id.* at 8–9; (3) the Court erroneously held that Plaintiffs did not show special damages, *see id.* at 9–12; and (4) the Court misapprehended the law of false light, *see id.* at 12–14.

Plaintiffs appear to have once again disregarded this Court's previous ruling at the dismissal phase.  In that opinion, the Court ruled that only two statements survived dismissal: the so-called "Musicians Statement" and "Electricians Statement."  All other statements were dismissed with prejudice.  *See* ECF No. 16.  Plaintiffs did not appeal.  As noted in the Opinion, the Court was, therefore, limited to considering the parties'

---

[1] The Court notes that Plaintiffs' counsel appears to have erroneously filed an incomplete version of the instant motion as ECF No. 73.  The Court disregards it and addresses only ECF No. 74.

arguments with respect to *only* the two surviving statements. *See* ECF No. 71 at 5–6. Nonetheless, Plaintiffs' first two arguments ask this Court to consider language outside the scope of the two statements. Furthermore, the Court directly addressed the imputation of fraud to Plaintiffs and found that there was none. *See id*. at 8–10.

Regarding Plaintiffs' third argument, the Court addressed Plaintiffs' failure to establish special damages at length in the Opinion. *See* ECF No. 71 at 12–15. Plaintiffs now attempt to correct their failure by filing several hundred pages of exhibits that purportedly support the expert report of Shane McMurray. Plaintiffs had every opportunity to produce the requisite indicia of reliability at summary judgment and failed to do so through no fault other than their own. Plaintiffs' submissions are disallowed on reconsideration. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Finally, the Court addressed Plaintiffs' false light argument in the Opinion. *See* ECF No. 71 at 17–19. Plaintiffs' argument is an impermissible attempt to re-litigate the issue. In sum, Plaintiffs' arguments "do not identify any controlling legal or factual issues that were not previously considered by the Court in deciding the initial motion." *See In re Gabapentin Patent Litig.*, 432 F. Supp. 2d 461, 464 (D.N.J. 2006). For this reason;

**IT IS** on this 17th day of January 2017, hereby,

**ORDERED** that Plaintiff's motion is **DENIED**.

*/s/ William J. Martini*

**WILLIAM J. MARTINI, U.S.D.J.**